U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 31 2017

CLERK, U.S. DISTRICT COURT
By_____
             Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GLORIA ANN PALACIOS, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-1060-A |
| | § | (NO. 4:15-CR-209-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
and
## ORDER

Came on for consideration the motion of Gloria Ann Palacios ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. After having considered such motion, its supporting memorandum, the government's response, and pertinent parts of the record in Case No. 4:15-CR-209-A, styled "United States of America v. Gloria Ann Palacios," the court has concluded that the first three grounds of the motion are meritless and should be denied, and that the fourth ground, while probably without merit, requires a hearing before a ruling can be made thereon.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On September 1, 2015, movant was named in a one-count indictment charging her with conspiracy to possess with intent to distribute a controlled substance (50 grams or more of a mixture and substance containing a detectable amount of methamphetamine), in violation of 21 U.S.C. § 846. CR Doc.[1] 13. On October 16, 2016, movant appeared for rearraignment and pleaded guilty to the charge made by the indictment. CR Doc. 20. Movant was placed under oath and, among other things, stated that she understood that she was waiving her right to trial; she was satisfied with her attorney and did not have any complaint whatsoever; her plea was based on actual guilt and was made knowingly, voluntarily, and without pressure or coercion; she did not have any deal, understanding, or agreement and that no one had made any promise to her to induce her to enter a guilty plea; she understood the role of the sentencing guidelines and knew that the court had the exclusive authority to calculate her guideline range after it reviewed the PSR and considered any objections; the guideline

---

[1]The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:15-CR-209-A.

calculation was not limited to the facts stipulated by the parties and the court could take into account facts not mentioned in the stipulated facts and impose a sentence more severe or less severe than the sentence called for by the guidelines; she would not be permitted to withdraw her plea if her sentence was higher than she expected; she committed each element of the offense charged; and, she understood the legal meaning of everything in the factual resume and the facts stated therein were true and correct. The court specifically explained that movant was subject to a term of imprisonment of at least 5 years and that it could be as much as 40 years, which movant stated she understood. The court determined that movant's plea was knowing and voluntary and that she was competent to enter into it. CR Doc. 68.

The PSR held movant accountable for 11 kilograms of methamphetamine actual, which corresponded to a base offense level of 38. CR Doc. 25, ¶¶ 20, 30. She received an additional four points for importation of methamphetamine from Mexico and for aggravating role. CR Doc. 25, ¶¶ 31, 32. And, she received an adjustment for role in the offense. CR Doc. 25, ¶ 34. She did not receive an adjustment for acceptance of responsibility. CR Doc. 25, ¶ 38. Her total offense level of 44 was treated as 43 as prescribed by the guidelines. CR Doc. 25, ¶ 39. Movant's criminal history category was V. CR Doc. 25, ¶ 56. Her guideline

3

imprisonment range was life, but the statutory maximum sentence was 40 years. CR Doc. 25, ¶ 104.

Movant filed objections to the PSR, which were addressed in three addenda to the PSR. CR Doc. 29; CR Docs. 32, 34, 38. At sentencing on February 5, 2016, movant's attorney confirmed that he and his client had received in a timely manner the PSR and three addenda and read and discussed those items. CR Doc. 69 at 5-6. Movant wanted to pursue all of her objections and presented testimony with regard to adjustment in the role in the offense. CR Doc. 69 at 6-13. The court overruled the objections and adopted the facts and conclusions set forth in the PSR as modified by any expressed from the bench, stating that movant's total offense level was 43, with a criminal history category of V, and an imprisonment range of 480 months. CR Doc. 69 at 18-20. The court heard statements of movant's son and aunt and allocution from movant, who simply said that she was "sorry for everything." CR Doc. 69 at 20-24.

The court imposed a sentence of 480 months and notified movant of her right to appeal, including the right to have the clerk file a notice of appeal for her if she were to specifically request it. CR Doc. 69 at 24-26. Movant and her attorney signed the form outlining her rights regarding appeal, but movant did not request that a notice of appeal be filed. CR Doc. 69 at 26.

The judgment of conviction and sentence was signed and entered on February 5, 2016. CR Doc. 44.

On February 26, 2016, movant filed a pro se notice of appeal and included a letter she wrote to her attorney stating that she would like to immediately terminate their relationship and felt compelled to file a letter of termination and motion to appeal, hoping that an attorney could be appointed for her. CR Doc. 46. By order signed March 1, 2016, the court reminded movant that she continued to be represented by Mark F. Fernandez ("Fernandez"), who had not filed a motion to withdraw. CR Doc. 49. By order of May 18, 2016, the Fifth Circuit remanded the case to the district court to determine whether movant had demonstrated excusable neglect or good cause to grant her an additional thirty days in which to perfect appeal. CR Doc. 54. By separate order, the Fifth Circuit granted Fernandez's motion to withdraw as movant's counsel. CR Doc. 55.

By order signed May 19, 2016, the court ordered the government and movant each to file a document providing whatever information each had that would bear upon the issue of whether the late filing by movant of a notice of appeal was due to excusable neglect or good cause. CR Doc. 56. By order signed June 28, 2016, the court noted that although it had received a response from the government, movant had not provided any further

5

information regarding the timeliness of her appeal, and for reasons expressed in the order determined that the untimely filing of movant's notice of appeal was not due to excusable neglect or good cause. CR Doc. 59. In particular, the court noted that movant had never contended that she requested her attorney to file a notice of appeal and that he failed to do so. Rather, the letter attached to her untimely notice of appeal reflected that movant terminated the relationship based on her dissatisfaction with Fernandez's services and his apparent disinterest in her case. In sum, she provided no evidence to support a contention that she was denied the right to appeal due to ineffective assistance of counsel. Id.

A month later, movant filed a motion for out of time appeal. CR Doc. 60. The court denied the motion by order signed August 11, 2016. CR Doc. 61. The Fifth Circuit dismissed movant's appeal due to its untimeliness. CR Doc. 63.

II.

Grounds of the Motion

Movant urges four grounds in support of her motion, worded as follows:

> GROUND ONE: Ineffective Assistance of Counsel at Pretrial Stage, When Counsel failed to Adequate Explain

6

> The Use Of Relevant Conduct Prior To Her Entering A Guilty Plea.

Doc.[2] 1 at 4.

> GROUND TWO: Counsel Rendered Ineffective Assistance of Counsel At Sentencing, When He Failed to Object To Inappropriately Applied Enhancements.

Doc. 1 at 5.

> GROUND THREE: Counsel for The Petitioner Rendered Ineffective Counsel While He Was Representing Palacios He Was Taking Money and Property From Her Co-Defendant Pancho For His Case, Before Absconding.

Doc. 1 at 7.

> GROUND FOUR: Counsel Failed To File A Direct Appeal When Requested.

Doc. 1 at 8.

III.

Applicable Legal Standards

A. <u>28 U.S.C. § 2255</u>

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. <u>United States v. Frady</u>, 456 U.S. 152, 164-165 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for

---

[2]The "Doc. __" reference is to the number of the item on the docket in this civil action.

the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B. Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

8

Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. ___, 132 S. Ct. 1399, 1409-11 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

A. The First Ground

In her first ground, movant alleges that Fernandez failed to adequately explain the use of relevant conduct in sentencing before she entered her guilty plea. As supporting "facts," she says that Fernandez "effectively coerced her into pleading guilty by intentionally failing to explain how relevant conduct would apply at her sentencing." Doc. 1 at 4. In her memorandum, she says that Fernandez failed to "provide an accurate sentencing range" before she pleaded guilty. Doc. 1 at 23. Yet, at her rearraignment, movant testified that she had no complaints about Fernandez; she did not have any deal, understanding or agreement and no one had made her any promise or assurance; she understood the role of the guidelines and had discussed them with Fernandez; she knew the court had the exclusive authority to determine the guideline range and that its calculation was not limited to the stipulated facts; and, her sentence would fall within the statutory range of 5 to 40 years. CR Doc. 68. Her solemn declarations in open court carry a strong presumption of verity. United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998). Movant has not offered any evidence to support her conclusory

allegation that she was not made aware of her potential sentencing range before entering a plea of guilty.

B. The Second Ground

In her second ground, movant makes the conclusory allegation that Fernandez failed to object to all the guideline enhancements and then failed to adequately argue the alternative. Doc. 1 at 5. In her memorandum, she refers to enhancements under USSG §§ 2D1.1(b)(5)(A), 2D1.1(b)(15)(C), and 3B1.1(c). Doc. 1 at 26. She then proceeds to argue the facts relevant to the enhancements. However, a motion under § 2255 cannot be used to raise misapplications of the sentencing guidelines. United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999). In any event, the record reflects that movant did not suffer any harm of constitutional magnitude. The probation officer agreed with her objection to the enhancement under USSG § 2D1.1(b)(15)(C). CR Doc. 34. The enhancement under USSG § 2D1.1(b)(5) did not require that movant had knowledge of importation of the methamphetamine. United States v. Serfass, 684 F.3d 548, 552 (5th Cir. 2012). And, the record establishes that movant had such knowledge even if it was required. Movant stipulated in the factual resume that she traveled to Mexico to obtain narcotics to smuggle into the United States for distribution. CR Doc. 23. Finally, her attorney did object to the enhancement under USSG § 3B1.1(c). CR Docs. 29, 36.

11

In addition, he presented testimony and argument in support of the objection at sentencing. CR Doc. 69 at 9-18. Counsel cannot be faulted for the lack of success of his objection. <u>Youngblood v. Maggio</u>, 696 F.2d 407, 410 (5th Cir. 1983). Movant's fanciful surmise that her counsel was ineffective does not constitute a basis for habeas relief. <u>Id.</u>

C. <u>The Third Ground</u>

In her third ground, movant alleges that Fernandez had a conflict of interest because he was taking money from a co-defendant at the time he was representing her. Doc. 1 at 7, 35. The record reflects that movant was the only defendant; there was no co-defendant in the underlying criminal action. Moreover, there is no evidence to support movant's bald allegations of a conflict of interest. See <u>Perillo v. Johnson</u>, 205 F.3d 775 (5th Cir. 2000)(explaining actual conflict of interest and the showing required). Movant stated in open court that she was pleading guilty because she was guilty. Again, she cannot now refute her solemn declarations made at rearraignment. <u>Cervantes</u>, 132 F.3d at 1110.

D. <u>The Fourth Ground</u>

Finally, movant says that she requested her attorney to file a notice of appeal and he failed to do so. That matter was explored when movant attempted to file an out-of-time appeal.

12

The court tentatively has concluded that movant's fourth ground is without merit, but has decided that the court should conduct a hearing so that movant will have an opportunity to offer any evidence she might have in support of that ground. A separate order scheduling the hearing and appointing an attorney to represent movant in connection with the hearing is being issued.

V.

Order

For the reasons stated above,

The court ORDERS that all relief sought by movant through Ground One, Ground Two, and Ground Three of the motion under 28 U.S.C. § 2255 the court received from movant on November 18, 2016, be, and is hereby, denied, and that a hearing is to be conducted as to the relief sought by movant pursuant to Ground Four of such motion.

SIGNED January 31, 2017.

_____
JOHN McBRYDE
United States District Judge